UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LENARD THOMAS WITT,<br>        *Plaintiff,*<br>  v.<br>BRENDA JOHNSON, *et al.*,<br>        *Defendants.* | CASE NO. 3:21-cv-00011<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  Plaintiff Lenard Thomas Witt has filed a *pro se* complaint against Defendants Brenda Johnson[1] and Stevenson Hitchcock, Dkt. 2, and a motion to proceed *in forma pauperis*, Dkt. 1. The Court will grant Witt's motion to proceed *in forma pauperis* but will dismiss Witt's complaint for failure to state a plausible claim on which relief may be granted.

  Because Witt is proceeding *in forma pauperis*, the Court must review his complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). *See Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) (stating that 28 U.S.C. § 1915(e) governs *in forma pauperis* filings and permits district courts to dismiss *in forma pauperis* complaints that are frivolous, malicious, or fail to state a claim). Witt is proceeding *pro se* and, thus, the Court must liberally construe his pleading. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, although *pro se* complaints may "represent the work of an untutored hand requiring special judicial solicitude," a district court need not recognize "obscure or extravagant claims defying the most

---

[1] Some of the exhibits suggest that Johnson's first name is Bryna, not Brenda. *See, e.g.*, Dkt. 2-3 at 20, 22, 24–25, 27–28.

concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (internal quotation marks and citation omitted). In short, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotation marks omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Witt attempts to bring claims under 42 U.S.C. § 1983 against Johnson and Hitchcock for violations of his First, Eighth, and Fourteenth Amendment rights. Dkts. 2; 2-1; 2-2. The Court summarizes Witt's allegations as set forth in his complaint. After his release from incarceration on August 26, 2019, Witt was homeless. Dkt. 2-1 at 2–3; Dkt. 2-2 at 6. The Haven—a private nonprofit organization operating a day shelter for people suffering from homelessness in Charlottesville—gave Witt permission to use its mailing address and funding to secure housing. Dkt. 2-1 at 2; Dkt. 2-2 at 6. Witt began a relationship with Johnson, an employee of The Haven, but problems soon arose. Dkt. 2-1 at 3; Dkt. 2-2 at 6. Johnson then denied Witt access to The Haven's day shelter to get out of the cold, use the restroom or showers, or retrieve his mail, including during the coronavirus pandemic. Dkt. 2-1 at 3. Johnson convinced The Haven's director, Hitchcock, to bar Witt from The Haven. *Id.*; Dkt. 2-2 at 6. Even after Witt informed Hitchcock of Johnson's actions, Hitchcock did not discipline Johnson. Dkt. 2-1 at 4; Dkt. 2-2 at 7. Then, on April 3, 2020, Johnson struck Witt with a chair at a pizza stand on Charlottesville's

Downtown Mall, near The Haven, causing injuries to Witt's left foot and toes. Dkt. 2-2 at 2. Witt received treatment for these injuries at the University of Virginia Medical Center. *Id.* at 2–3. The next day, Witt called the police, who wrote an incident report. *Id.* at 3; Dkt. 2-3 at 14. He also swore out a criminal complaint for assault and battery and a request for an emergency protective order against Johnson. Dkts. 2-2 at 3; 2-3 at 15–16. In retaliation, Johnson swore out a criminal complaint for assault and battery and a request for an emergency protective order against Witt on April 6. Dkts. 2-2 at 5; 2-3 at 25, 27–28. After a trial in Charlottesville General District Court in which Johnson admitted striking Witt with a chair, Judge Sneathern found Johnson not guilty of assault and battery.[2] Dkt. 2-2 at 3–5.

Witt's § 1983 claims cannot proceed because none of the defendants are state actors. To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)) (internal quotation marks omitted). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* (quoting *Sullivan*, 526 U.S. at 50) (internal quotation marks omitted). Of course, in rare cases, the state can "so dominate private activity as to convert it to state action." *Id.* (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009)) (cleaned up) (internal quotation marks omitted). Johnson works for and Hitchcock operates The Haven, which Witt acknowledges in his complaint is a private nonprofit organization. Dkts. 2-1 at 2; 2-2 at 6. Witt has not alleged any facts that would support a reasonable inference that Johnson

---

[2] The complaint does not make clear the outcome of the charges against Witt.

or Hitchcock's actions were attributable to the state rather than merely private conduct. *See Thomas*, 841 F.3d at 637 (dismissing § 1983 claim against three private charitable organizations, which plaintiff alleged unlawfully refused to admit her to homeless shelters because of her mental health disability, because plaintiff failed to state facts suggesting charities were state actors). Thus, Witt's complaint fails to state a plausible claim on which relief may be granted.

Accordingly, the Court will dismiss Plaintiff's complaint without prejudice.

An appropriate Order will issue.

The Clerk of Court is directed to send this Memorandum Opinion to Plaintiff.

Entered this 8th day of April, 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE